# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PLASTIC OMNIUM AUTO INERGY
INDUSTRIAL SA DE CV,

      Plaintiff,

v.                                             Case No.

MCC Development, Inc.,

      Defendant.

---

Mark A. Aiello (P43012)
Alan J. Gocha (P80972)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
maiello@foley.com
agocha@foley.com

*Attorneys for Plaintiff*

---

## PLAINTIFF PLASTIC OMNIUM AUTO INERGY
## INDUSTRIAL SA DE CV'S COMPLAINT

Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV, by and through Foley & Lardner LLP and its undersigned counsel, hereby states and brings the following Complaint against Defendant MCC Development, Inc.:

## PARTIES

1. Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV ("Plaintiff" or "POAI (MX)") is a Mexican Sociedad Anónima de Capital Variable corporation. POAI (MX) is in the business of manufacturing components for use in the automotive industry.

2. On information and belief, Defendant MCC Development, Inc. ("Defendant" or "MCC") is a corporation formed under the laws of North Carolina with its principal place of business in North Carolina. MCC is in the business of designing and installing prefabricated hazardous material storage buildings. MCC has a plant located at 29 Oxford Circle South Hampton, NJ 08088.

## JURISDICTION

3. This Complaint includes the following state law claims: breach of contract and unjust enrichment in the alternative.

4. POAI (MX) seeks judgment that Defendant is liable to Plaintiff for a sum certain damages award of one hundred three thousand nine hundred fifty dollars ($103,950 USD).

5. This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy is between citizens of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has specific jurisdiction over MCC. MCC has purposefully availed itself to and enjoys the benefits of the laws of Michigan, MCC has sufficient minimum contacts with the State of Michigan and this District, this action arises of such contacts, and exercising jurisdiction over MCC would be reasonable and comport with the requirements of due process.

7. MCC entered into an agreement that provides the agreement shall be governed by, and interpreted in accordance with, the laws of the State of Michigan. The Parties agreed that the competent state or Federal courts of the State of Michigan shall have exclusive jurisdiction to settle any dispute which may arise in connection with the validity, effect, interpretation or performance of, or the legal relationships established by, the agreement or arising in connection with the agreement.

## **FACTS**

8. In November 2019, POIA (MX) entered in to a contract with MCC for the purchase of capital equipment and tooling for the design fabrication, delivery, offloading, and installation of modular fuels storage.

9. POAI (MX) paid MCC a one hundred twenty three thousand nine hundred and fifty dollar ($123,950 USD) deposit for the services.

10. MCC did not furnish the goods and services.

11. MCC agreed to provide the following payments to POAI (MX) to return the deposit:

| Payment Due Date | Payment Amount |
|---|---|
| 10/31/2020 | $10,000 |
| 11/31/2020 | $10,000 |
| 12/30/2020 | $10,000 |
| 1/31/2021 | $20,000 |
| 2/28/2021 | $20,000 |
| 3/31/2021 | $20,000 |
| 4/30/2021 | $33,950 |
| | |
| Total | $123,950 |

12. MCC only made the following payments to POAI (MX):

| Payment Date | Payment Amount |
|---|---|
| 11/02/2020 | $10,000 |
| 3/01/2021 | $3,000 |
| 3/31/2021 | $2,000 |
| 4/01/2021 | $2,000 |
| 4/29/2021 | $3,000 |
| | |
| Total | $20,000 |
| | |
| Amount Still Owed | $103,950 |

13. On May 6, 2021, POAI (MX) sent MCC a demand letter for return of the outstanding balance.

14. As of the date of this Complaint, MCC has failed to make payment in accordance with the parties' contract.

**COUNT I: BREACH OF CONTACT**

15. Plaintiff repeats and re-alleges the allegations of paragraphs 1–14 as if fully set forth herein.

16. POAI (MX) and MCC entered into an agreement, which is a valid and enforceable contract, pursuant to which MCC is obligated to pay certain sums to POAI (MX) as detailed in this Complaint. MCC is in possession of the written and executed agreement (the "Agreement").

17. POAI (MX) fully performed its obligations under the Agreement in all material respects.

18. MCC materially breached the Agreement by, among other things, failing to pay POAI (MX) the sum of one hundred three thousand nine hundred fifty dollars ($103,950 USD) according to the payment schedule contained in the Agreement.

19. MCC's breach directly and proximately injured POAI (MX).

20. Plaintiff is entitled to a sum certain damages award of one hundred three thousand nine hundred fifty dollars ($103,950 USD) as compensation for MCC's breach of contract.

**COUNT II: UNJUST ENRICHMENT [IN THE ALTERNATIVE]**

21. Plaintiff repeats and re-alleges the allegations of paragraphs 1–20 as if fully set forth herein.

22. POAI (MX)'s pleads its unjust enrichment claim in the alternative to POAI (MX)'s breach of contract claim.

23. MCC received a benefit and was unjustly enriched by receiving a one hundred twenty three thousand nine hundred and fifty dollar ($123,950 USD) deposit and not performing the work for which the deposit was delivered to it by POAI (MX).

24. MCC maintains an unjust benefit of one hundred three thousand nine hundred fifty dollars ($103,950 USD).

25. MCC's unjust enrichment was obtained at the expense of POAI (MX) and it would be unjust to allow MCC to retain such benefit.

26. POAI (MX) was directly and proximately injured by MCC's unjust enrichment.

27. Plaintiff is entitled to a sum certain equitable award of one hundred three thousand nine hundred fifty dollars ($103,950 USD).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

A. A determination that Defendant breached a contract and is liable to Plaintiff for a sum certain amount of one hundred three thousand nine hundred fifty dollars ($103,950 USD);

B.     Alternatively, determination that Defendant was unjustly enriched and is liable to Plaintiff for a sum certain amount of one hundred three thousand nine hundred fifty dollars ($103,950 USD);

C.     Judgment awarded in favor of Plaintiff and against MCC in the sum of one hundred three thousand nine hundred fifty dollars ($103,950 USD);

D.     Plaintiff awarded costs and interest against MCC; and

E.     Such other, further, and additional relief that may be considered just and equitable based on the facts and allegations contained herein or that arise in the course of the proceedings.

Dated:  May 19, 2021                           Respectfully submitted,

*/s/  Alan J. Gocha*
Mark A. Aiello (P43012)
Alan J. Gocha (P80972)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
maiello@foley.com
agocha@foley.com

*Attorneys for Plaintiff*