UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTIC OMNIUM AUTO INERGY
INDUSTRIAL SA de CV,

      Plaintiff,

v.

MCC DEVELOPMENT, INC.,

      Defendant.
_____/

Case No. 21-cv-11141

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR TO TRANSFER CASE [8] AND DENYING PLAINTIFF'S MOTION TO STRIKE [11]**

The matter is before the Court on Defendant's Motion to Dismiss and/or to Transfer Case (ECF No. 8) and Plaintiff's Motion to Strike Defendant's Motion (ECF No. 11). A response was filed in opposition to each motion but neither party filed a reply. (ECF Nos. 15, 16.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), both motions will be decided on the briefs and without oral argument. For the reasons set forth below, the Court DENIES both motions.

**I.    Background**

On June 1, 2021, Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV filed its First Amended Complaint against Defendant MCC Development, Inc. for breach of contract, or in the alternative, for unjust enrichment. *See* ECF No. 5. In its Complaint, Plaintiff alleges that it entered into a contract with Defendant for the purchase of capital equipment and tooling. *Id.* Plaintiff further alleges that it paid Defendant a deposit in the amount of $123,950. *Id.*, PageID.17.

1

Plaintiff states that Defendant did not furnish the required goods and services so the parties entered into a separate agreement under which Defendant agreed to return the deposit through monthly payments. ECF No. 15, PageID.126. *See also* ECF No. 12-3. Both parties contributed comments and drafts of the agreement, ECF No. 15, PageID.126, which in its final version contains the following clause:

> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of Michigan. The Parties agree that the competent state or Federal courts of the State of Michigan shall have exclusive jurisdiction to settle any dispute which may arise in connection with the validity, effect, interpretation or performance of, or the legal relationships established by, this Settlement Agreement or otherwise arising in connection with this Settlement Agreement.

ECF No.12-3, PageID.96. According to the Complaint, Defendant defaulted under the agreement by repaying only $20,000 to Plaintiff. Thus, this litigation commenced.

Defendant acknowledges the forum-selection clause in the agreement, ECF No. 8, PageID.28, but nevertheless moves to dismiss this action for want of personal jurisdiction, or in the alternative, to transfer the case to the United States District Court for the Western District of North Carolina. *Id.*, PageID.27. According to Defendant, it has no meaningful connection with Michigan so the exercise of personal jurisdiction over Defendant by this Court would be "improper." *Id.*, PageID.28, 31.

Plaintiff argues that Defendant not only consented to personal jurisdiction by entering into the agreement, but that it was Defendant who requested the forum-selection clause be put into the agreement as it was concerned about the chance of litigating in Mexico. ECF No. 15, PageID.110-11, 126. Moreover, Plaintiff argues that personal jurisdiction otherwise exists because of Plaintiff's connections to Michigan, the fact that relevant communications were directed to Plaintiff's representatives in Michigan, and

2

because Defendant markets its products to automotive companies in Michigan. ECF No. 15, PageID.118.

## II.     Analysis

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "A party may consent to the personal jurisdiction of a particular court through a forum selection clause." *Traton News, LLC v. Traton Corp.*, 528 F. App'x 525, 528 (6th Cir. 2013) (citation omitted). Once a party has identified a forum-selection clause, the Court should uphold the clause "unless there is a strong showing that the clause should be set aside." *Boling v. Prospect Funding Holdings*, LLC, 771 F. App'x 562, 567-68 (6th Cir. 2019) (citing *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)).

The Sixth Circuit has set forth the following factors to guide this Court's analysis of whether it should enforce a forum-selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369, 375 (6th Cir.1999)).

Neither party disputes the existence of the forum-selection clause or argues that it was obtained through unconscionable means or that this forum would ineffectively or

3

unfairly handle the suit. *See* ECF No. 8, PageID.28. Rather, Defendant alludes to the inconvenience of litigating in Michigan, but otherwise ignores that the forum-selection clause exists.

Relying on the three-factor test for personal jurisdiction articulated by the Sixth Circuit, Defendant argues that it has not "purposefully availed itself of the privilege of acting in Michigan or caused a consequence in Michigan," ECF No. 8, PageID.29-30, that this cause of action "[did] not arise from" Defendant's activities in Michigan, *Id.*, PageID.31, and that Defendant's acts did not have "a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable," ECF No. 8, PageID.32. *See Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).  But there was no evidence of an agreement containing a forum-selection clause in *Conn*, so the analysis in that case does not apply. Here, both parties contributed comments and drafts of the agreement and Defendant proposed the forum-selection clause at issue. ECF No. 15, PageID.126. And though Defendant states that "bringing evidence and witnesses out to Michigan would be a heavy burden," it does not appear at first glance that this breach of contract case will involve dozens of witnesses or mountains of bulky evidence such that requiring Defendant to litigate here would be "unjust." *See Wong*, 589 F.3d at 828

Accordingly, the Court will enforce the forum-selection clause in the parties' agreement. Plaintiff consented to personal jurisdiction and this venue by signing the agreement. *See* ECF No.12-3, PageID.96.

4

### III.     Motion to Strike

Shortly after Defendant filed its Motion to Dismiss and/or to Transfer Case, Plaintiff moved the Court to strike Defendant's motion for purportedly failing to comply with Eastern District of Michigan Local Rule 7.1. (ECF No. 11.) Plaintiff attaches an email from Defendant's counsel, sent at 6:13 p.m. asking for concurrence in the motion to dismiss. *See* ECF No. 11-3, PageID.67. Defendant filed its motion at 8:55 p.m. without having received a response from Plaintiff.

Local Rule 7.1 provides that a movant must ascertain whether a motion will be opposed before filing the motion with the Court. L.R. 7.1(a)(1). The rule seeks to avoid wasting the parties' and court's time and resources resolving motions pertaining to subject matters that could be made a matter of record through stipulated order. *See id.* Generally, courts have required that the efforts made to confer with the opposing party must be "reasonable," and the explanation must be "complete." *Cristini v. City of Warren*, No. 07-11141, 2014 WL 12657024, at *1 (E.D. Mich. Feb. 6, 2014). The Court has the authority to strike a motion or impose sanctions if attempts are made to circumvent this, or other, local rules. *Id.*

While the local rules contemplate an actual meeting, rather than an email sent mere hours before filing, "district courts in this jurisdiction have routinely waived these requirements when it is obvious that the opposing party would not have concurred in the requested relief." *In re Kulek*, No. 18-11509, 2019 WL 168540, at *4 (E.D. Mich. Jan. 11, 2019). Thus, the Court finds Plaintiff's email to be sufficient under these circumstances. Both parties are reminded to remember the spirit of the local rules and work together to solve conflicts before resorting to motion practice.

5

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss and/or to Transfer Case (ECF No. 8) is **DENIED** and Plaintiff's Motion to Strike Defendant's Motion (ECF No. 11) is **DENIED**.

**SO ORDERED.**

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 24, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2022, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Lisa Bartlett
        Case Manager