**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PLASTIC OMNIUM AUTO INERGY
INDUSTRIAL SA de CV,

   Plaintiff,

v.

MCC DEVELOPMENT, INC.,

   Defendant.
_____/

Case No. 21-cv-11141

Honorable Nancy G. Edmunds

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [12]

**I. Background**

The matter is before the Court on Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV's Motion for Summary Judgment. (ECF No. 12.) Plaintiff provides evidence that it entered into an agreement with Defendant under which Defendant would make seven monthly payments to Plaintiff totaling $123,950.[1] ECF No. 12-2, PageID.91-92. *See also* ECF No. 12-3. These funds were in fact a repayment of Plaintiff's money after Plaintiff gave Defendant a $123,950 deposit for goods and services that Defendant was ultimately unable to provide. ECF No. 12-3, PageID.95. According to a written declaration from Plaintiff's Director of Development of the Americas, Defendant paid Plaintiff a total of $20,000 across five payments but then failed to make additional payments. ECF No. 12-2, PageID.92. Thus, Defendant still owes Plaintiff $103,950. *Id.*

---

[1] Under the agreement, Defendant was to pay Plaintiff $10,000 on October 31, 2020, November 30, 2020, and December 30, 2020; Defendant was to pay Plaintiff $20,000 on January 31, 2021, February 28, 2021, and March 31, 2021; Defendant's final payment to Plaintiff was to be on April 30, 2021 and in the amount of $33,950.

1

In response to Plaintiff's motion, Defendant filed a one-page brief wherein it asserts that the Court does not have personal jurisdiction over Defendant therefore it cannot make a ruling on summary judgment. ECF No. 17, PageID.134. Plaintiff provides no factual background to the dispute and no other arguments. *See id.* There are no exhibits attached to Plaintiff's response. *See id.*

## II.     Legal Standard & Analysis

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)).  A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

Here, Plaintiff sets forth the facts of the case supported by a declaration and attaches the agreement at issue. *See* ECF Nos. 12, 12-2, 12-3. Thus, Plaintiff meets its burden and Defendant must present evidence to show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248. But in its response, Defendant does not refute the facts as articulated by Plaintiff or provide counterargument on the merits of the case. Rather, Defendant asserts only that the Court does not have personal jurisdiction over Defendant therefore it cannot make a ruling on summary judgment. ECF No. 17, PageID.134. But

the Court does have personal jurisdiction over Defendant and so ruled in its Order Denying Defendant's Motion to Dismiss and/or to Transfer Case. *See* ECF No. 31.

Defendant's failure to respond to the merits of Plaintiff's motion constitutes a waiver or admission of its contents. *United States v. Ninety Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003); *see also Humphrey v. U.S. Att'y Gen. Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendant's motion to dismiss, the arguments have been waived.") (citing *Resnick v. Patton*, 258 Fed. App'x. 789, 790-91 n.1 (6th Cir. 2007)). Additionally, in an exhibit attached to a previously-filed motion, Defendant acknowledges the existence of the parties' agreement and admits that Defendant signed the agreement. *See* ECF No. 8-2, PageID.43.

Thus, there is no "genuine issue of material fact" and summary judgment in favor of Plaintiff is proper. *See Anderson*, 477 U.S. at 248.

## III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**. Judgment is entered in favor of Plaintiff in the amount of $103,950

**SO ORDERED.**

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 24, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Lisa Bartlett
Case Manager
