UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PLASTIC OMNIUM AUTO INERGY INDUSTRIAL SA DE CV,<br><br>Plaintiff,<br><br>v.<br><br>MCC DEVELOPMENT, INC.,<br>Defendant. | Case No. 21-cv-11141<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING PLAINTIFF ATTORNEY'S FEES
(ECF NO. 28)**

## I.      Introduction

The Court granted Plaintiff Plastic Omnium's motion to compel and its request for reasonable expenses and attorney's fees under Federal Rule of Civil Procedure 37(f).  ECF No. 27.  In its bill of costs filed in January 2022, Plastic Omnium sought $5,934.00 in fees.  ECF No. 28.  Defendant MCC Development filed an opposition, ECF No. 29, and Plastic Omnium filed a reply increasing the amount sought to $7,515.00, ECF No. 30.  The Court **GRANTS** Plastic Omnium $5,482.00 in attorney's fees and costs.

II.   Analysis

### A.

Rule 37(f) authorizes courts to award "reasonable expenses, including attorney's fees, caused by the failure" to participate in framing a discovery plan.  An award of attorney's fees under Rule 37 must be determined using the "lodestar method."  See *Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018) (using lodestar method for Rule 37 sanctions).  Under the lodestar method, courts calculate reasonable attorney's fee awards by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plastic Omnium seeks $7,515.00 in attorney's fees.  ECF No. 30, PageID.291.  Attorney Alan J. Gocha claims 18.4 hours at an hourly rate of $395.00, and attorney Mark Aiello claims 0.4 hours at an hourly rate of

2

$615.00.  *Id.*; ECF No. 28-1, PageID.273-274.[1]  MCC argues that the hourly rates and hours expended are unreasonable.

**B.**

A reasonable hourly rate is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  The accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's most recent Economics of Law Practice Survey.[2]  *Mich. Immigrant Rights Center v. Dep't of Homeland Sec.*, No. 16-14192, 2021 WL 855468, at *8 (E.D. Mich. Mar. 8, 2021).  Although Plastic Omnium argues that the survey was compiled before recent inflation, the Court finds the rates reasonably accurate and notes that Plastic Omnium relies on another survey that was compiled in 2020.[3]  That survey is unpersuasive, as it does not specify billing rates for

---

[1] The fees for this time total $7,514.00—a dollar less than indicated in the briefing.

[2] State Bar of Michigan, Economics of Law Practice Survey (2020), https://perma.cc/W4SP-Y6YP (last viewed March 31, 2022).

[3] Major, Lindsey & Africa, 2020 Partner Compensation Survey, https://perma.cc/GV2D-D5BD (last viewed March 31, 2022).

the relevant market of Michigan.  Because Plastic Omnium's counsel are Michigan attorneys, the State Bar's survey is the proper benchmark.  And since Mr. Gocha, an associate, completed most of the work, the table showing billing rates based on years in practice is the most appropriate measure.  *See Mich. Immigrant*, 2021 WL 855468, at *8 (noting that years in practice "is the factor most rationally related to a billing rate").

The median billing rate for attorneys like Mr. Gocha with three to five years' experience[4] is $242.00 per hour, and the top rate is $365.00 per hour.  The median billing rate for attorneys like Mr. Aiello with 31 to 35 years' experience[5] is $565.00 per hour.  Because counsel work at a top-rated law firm with an office in Detroit, the top billing rate is appropriate.

## C.

The next question is the reasonableness of the hours Plastic Omnium claims its attorneys spent.  A court must review a prevailing party's claims about the hours it expended on the relevant matter, and "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why."  *Rembert v. A Plus Home Health Care Agency, Inc.*,

---

[4] State Bar of Michigan, Alan Joseph Gocha, https://perma.cc/3A9L-2ZX4 (last visited March 31, 2022).

[5] State Bar of Michigan, Mark A. Aiello, https://perma.cc/82TH-9LU4 (last visited March 31, 2022).

986 F.3d 613, 617 (6th Cir. 2021) (internal quotation marks omitted). Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards. *Butcher v. Bryson*, No. 3:12-00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437).

Attorneys need not "record in great detail" each minute spent on an item but must generally identify the subject matter. *Imwalle*, 515 F.3d at 553 (internal quotation marks omitted). "The key requirement . . . is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* (internal quotation marks omitted). If documentation is inadequate, a court may reduce the award. *Id.*

When attorney's fees are awarded under Rule 37(f), the relevant hours include those "incurred in preparing a motion to compel and other reasonable expenses for motion practice arising from a party's failure to participate in discovery." *Trustees of Mosaic & Terrazzo Welfare, Pension, Annuity & Vacation Funds v. Elite Terrazzo Flooring, Inc.*, No. 18 CV 1471,

5

2020 WL 1172635, at *8 (E.D.N.Y. Feb. 20, 2020).  No authorities address whether fees incurred in preparing a bill of costs are recoverable under Rule 37(f).  But that rule is similar to Rule 37(b)(2)(C), which authorizes an award of attorney's fees if a party disobeys a discovery order.  Because caselaw holds that fees-on-fees may be awarded under Rule 37(b)(2)(C), they may also be awarded under Rule 37(f).  *See Wells Fargo Bank, N.A. v. MPC Investors, LLC*, No. 09-CV-11249, 2010 WL 3488669, at *2 (E.D. Mich. Aug. 9, 2010) (awarding fees incurred in prosecuting a motion to compel and for sanctions); *Chao v. Oriental Forest Palace Inc.*, No. 1:07-cv-619, 2008 WL 4739773, at *3 (W.D. Mich. Oct. 27, 2008) (awarding fees incurred in preparing a motion to compel and a motion for sanctions).

Here, Plastic Omnium submits Mr. Gocha's affidavit itemizing billing entries, as well as billing records through October 2021.  ECF No. 28-1, PageID.273-274; ECF No. 30-1, PageID.300-305.  These entries show that Mr. Gocha spent 4.0 hours drafting the motion to compel, 4.4 hours drafting a reply, 4.6 hours preparing for and attending the hearing, and 1.4 hours drafting the bill of costs.  ECF No. 28-1, PageID.273-274.  Mr. Aiello spent 0.4 hours drafting the motion to compel and conferring with Mr. Gocha.  *Id.*

MCC challenges the amount of time spent on these tasks, arguing that briefing the motion to compel and preparing for the hearing should

6

have taken three hours.  The Court disagrees.  The hours claimed for the motion to compel represent just over a day and a half of work—a reasonable amount of time for well-researched briefing.  And 1.4 hours to prepare a bill of costs and affidavit is also reasonable.  But although Plastic Omniums seeks fees for another 4.0 hours Mr. Gocha spent drafting a reply for the bill of costs, those hours are excluded from the award because they lack documentation.

### III.   Conclusion

The Court thus **GRANTS** Plastic Omnium $5,482.00 in attorney's fees and costs.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 31, 2022

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.**"  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

                                        s/Karri Sandusky on behalf of
                                        MARLENA WILLIAMS
                                        Case Manager