UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PLASTIC OMNIUM AUTO INERGY INDUSTRIAL SA DE CV,<br><br>Plaintiff,<br><br>v.<br><br>MCC DEVELOPMENT, INC., *et al.*,<br><br>Defendants. | Case No. 21-cv-11141<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND APPOINTMENT OF A RECEIVER (ECF NO. 132)**

### I.   Introduction

In March 2022, the Court entered judgment against Defendant MCC Development, Inc., in the amount of $103,950.00.  ECF No. 32; ECF No. 35.  The Court also awarded Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV (POAI) a total of $10,482.00 in attorney's fees.  ECF No. 34; ECF No. 74.  In September 2022, MCC stipulated to pay POAI $10,000.00 per month until the judgment was satisfied.  ECF No. 48.  And in January

2023, Defendant Anthony Buffa, MCC's owner and operator, joined the case and personally guaranteed the judgment. ECF No. 51.

After defendants failed to make payments as agreed,[1] POAI conducted a creditor's examination. ECF No. 52; ECF No. 72. POAI now moves for injunctive relief and appointment of a receiver, as the creditor's examination revealed that Buffa transferred MCC's assets to other shell corporations he owns to avoid POAI's efforts to collect the judgment. ECF No. 132. The Honorable Nancy G. Edmunds referred the motion to the undersigned under 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. ECF No. 134. The Court held a motion hearing on August 2, 2023. After reviewing the record, the Court **RECOMMENDS** that POAI's motion be **GRANTED**.

---

[1] POAI has garnished $13,899.00 from MCC. ECF No. 48. Although a stipulated order states that POAI received another $6,110.36, that check bounced. See ECF No. 48; ECF No. 71-3. The parties also dispute whether defendants paid $6,110.36 in February 2023. See ECF No. 70, PageID.1043; ECF No. 71. During a March 2023 motion hearing, defense counsel produced documentation showing a payment in that amount from Endeavor, another company Buffa owns; counsel stated he needed to verify whether POAI received those funds. In any case, defendants still owe at least $83,940 on the judgment and $10,482.00 in attorney's fees.

II.  Analysis

A.

POAI first requests that the Court void the transfers between defendants and Buffa's other companies under the Michigan Uniform Fraudulent Transfer Act (MUFTA).  ECF No. 132, PageID.2139-2140.

The MUFTA states that "a transfer made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor."  Mich. Comp. Laws § 566.34(1)(a).  Intentional fraud must be proved by clear and convincing evidence.  *Dearborn St. Bldg. Assocs. LLC v. D&T Land Holdings, LLC*, No. 1:07-cv-1056, 2009 WL 3011245, at *4 (W.D. Mich. Sept. 16, 2009). Because "debtors rarely admit to having deliberately placed assets out of the reach of their creditors," intent is often a factual question that requires consideration of eleven "badges of fraud."  *Dillard v. Schlussel*, 308 Mich. App. 429, 448-49 (2014) (citing Mich. Comp. Laws § 566.34(2)).

But this is a rare case in which no factual dispute exists, as Buffa admitted that he deliberately transferred MCC's funds to avoid POAI's garnishments.  *See* ECF No. 132-15, PageID.2410-2411, 2416.  Buffa opened a Chase bank account for MCC, where he transferred MCC's funds

after POAI's garnishment from a PNC account in 2022.  *Id.*, PageID.2410 ("[Y]ou garnished money from the PNC accounts last summer, and it was my view that if you garnish more money, you put the company out of business.").  Buffa also admitted that he transferred MCC funds to other companies he owns to "protect" the funds from garnishment and to pay MCC's business expenses.² *Id.*, PageID.2411, 2416.  The Court finds unavailing Buffa's excuse for transferring the funds.

    First, defendants made no showing that MCC could not operate because of POAI's garnishment of its bank account.  MCC received over $700,000.00 in federal government loans in 2020 and 2021 under the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loan (EIDL).³  *Id.*, PageID.2422-2424; ECF No. 132-16.  Buffa stated that he used all loan proceeds to pay vendors, payroll, and other expenses.  ECF No. 132-15, PageID.2422, 2424.  Yet he supplied no receipts or other documentation to support that claim.  ECF No. 132, PageID.2130.  Bank

---

² Buffa owns Endeavor Infrastructure, Endeavor Capital, and Sunshine Transport (together, the "affiliated companies").  ECF No. 132-15, PageID.2402-2403, 2416; ECF No. 139, PageID.2541-2542.  Those companies appear to be shell entities, as they perform no business and have no employees.  ECF No. 132-15, PageID.2403, 2416-2417.

³ Buffa stated that the $200,000.00 PPP loan was forgiven but that he has only repaid $250.00 on the $500,000.00 EIDL loan.  ECF No. 132-15, PageID.2423-2424.

records show that from September 2021 through May 2022, Buffa made monthly, piecemeal transfers of tens of thousands of dollars from MCC to Endeavor Infrastructure.  ECF No. 132-17, PageID.2458, 2461, 2464, 2465-2466, 2468.  And from September 2021 to March 2023, Buffa made cash withdrawals from Endeavor Infrastructure every few days, typically in amounts ranging from $1,000.00 to $5,000.00.  *Id.*, PageID.2458-2459, 2461-2462, 2464, 2466, 2468-2469, 2471, 2474-2475, 2478.  Buffa could not recall why those transfers and withdrawals were made but speculated that they were payments for MCC's business expenses.  ECF No. 132-15, PageID.2426.

More recently, when MCC received a $199,000.00 payment in February 2023, Buffa immediately transferred those funds to Sunshine Transport so that the money "couldn't be attached via garnishment."  *Id.*, PageID.2416; ECF No. 132-17, PageID.2454-2455.  MCC received another $10,000 payment in June 2023, and Buffa immediately transferred the funds to Endeavor Capital.  ECF No. 141-4, PageID.2615.  Finally, in June 2023, Chase notified POAI that Buffa had emptied and closed the bank accounts for the affiliated companies.  ECF No. 132-18.

Buffa claims that he sought to avoid garnishment so that he could pay MCC's expenses and remain in business.  ECF No. 139, PageID.2544-

2545, 2547-2548.  But defendants offer no documentation showing that the transferred funds were used to pay business expenses.  And regardless, the MUFTA does not "'permit an insolvent debtor to transfer its own funds out of the reach of its creditors—frustrating or delaying attempts to recover a debt while still directing the use of those funds toward amenities of its choice.'"  *Coldwell Banker Residential Real Estate, L.L.C. v. Silver Creek Partners II, L.L.C.*, No. 322630, 2015 WL 7288067, at *4 (Mich. Ct. App. Nov. 17, 2015) (quoting *Dillard*, 308 Mich. App. at 462) (cleaned up).

Because Buffa admitted that he deliberately tried to avoid POAI's collections efforts after the 2022 garnishment, the transfers from MCC to the affiliated companies after that time were fraudulent.

Creditors have several remedies for fraudulent transfers under the MUFTA, including "avoidance of the transfer to the extent necessary to satisfy the creditor's claim" and "an injunction against further disposition by the transferee of the asset transferred."  Mich. Comp. Laws § 566.37(1) (cleaned up).  The Court recommends granting POAI's request to void the fraudulent transfers and ordering the return of funds up to the amount of the judgment.  And to prevent further attempts to hide funds held by the affiliated companies, the Court recommends enjoining those entities from transferring funds.

Finally, MUFTA authorizes "[a]ppointment of a receiver to take charge of the asset transferred or of other property of the transferee." *Id.* § 566.37(1)(c)(ii). Appointment of a receiver is "a harsh remedy which should only be resorted to in extreme cases," and when less drastic means have failed or would be futile. *Petitpren v. Taylor Sch. Dist.*, 104 Mich. App. 283, 295 (1981). When evaluating whether to appoint a receiver, courts consider several factors:

> the existence of a valid claim by the moving party; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be lost, concealed, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and the likelihood that appointment of a receiver will do more harm than good.

*Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 432 (E.D. Mich. 1995).

This is an extreme case that warrants appointment of a receiver. Judgment was entered over a year ago, and Buffa has no track record of trying to pay it. Instead, he has fraudulently transferred assets and argued that he has a right to pay off the expenses he chooses. He has persisted in this course even after the Court warned Buffa in March 2023 that failure to cooperate in a creditor's examination could result in a finding of civil

7

contempt.[4]  ECF No. 72.  Despite that warning, Buffa fraudulently transferred another $10,000.00 out of MCC's accounts and closed the accounts for the affiliated companies.  ECF No. 132-18; ECF No. 141-4, PageID.2615.  When the Court again warned Buffa during the August 2 motion hearing that he could face jail time, he appeared calm and unconcerned, and he showed no remorse.  His demeanor left the Court with no confidence that Buffa will stop moving assets to frustrate POAI's efforts to collect the judgment.  Thus, no other legal remedy will suffice, and the Court recommends appointing a receiver over the affiliated companies.

**B.**

Next, POAI asks the Court for relief under Federal Rule of Civil Procedure 69 and Mich. Comp. Laws §§ 600.6104 and 600.6116.  Under Rule 69(a)(1), the procedures for execution of a money judgment and proceedings in aid of execution are controlled by state law.  That is, "in the absence of a controlling federal statute, the district court has the same authority to aid judgment creditors as that provided by local law to courts of

---

[4] Another court warned Buffa in 2011 that he could face jail time for making fraudulent transfers.  See ECF No. 132-2, PageID.2152 ("After dropping in a footnote that the Court was considering the use of the contempt (jail) remedy to force correct distributions, the Court ordered additional discovery.").

the state in which the district court sits." *Rogers v. Webster*, 779 F.2d 52 (Table) (6th Cir. 1985).

Michigan law grants courts broad authority to issue orders about the collection of a money judgment. *Id.* When a money judgment has been entered in an action, courts may:

> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104. State statute also authorizes restraining transfers of a judgment debtor's property. *Id.* § 600.6116(1). POAI seeks various forms of relief under these statutes, which the Court addresses in turn.

9

**1.**

POAI asks the Court to enjoin defendants from transferring or using any funds until the judgment is satisfied. ECF No. 132, PageID.2137-2140. POAI has met its burden of showing that such relief is appropriate.

A restriction on a judgment debtor's right to transfer assets is proper when, as here, "specific voluminous evidence suggests" that the judgment debtor has "used an elaborate series of fraudulent transfers and sham transactions in an effort to avoid paying the judgment they owe." *Allstate Ins. Co. v. Mercyland Health Servs.*, PLLC, No. 18-13336, 2021 WL 1406878, at *10 (E.D. Mich. Feb. 12, 2021) (cleaned up). Such restrictions "are routinely entered by Federal District Court and Michigan State Court judges, without regard to past conduct by the judgment debtor, and often on an ex-parte basis." *JPMorgan Chase Bank, N.A. v. Winget*, No. 08-cv-13845, 2019 WL 4492838, at *5 (E.D. Mich. July 22, 2019).

That relief is warranted here, as Buffa fraudulently transferred funds from MCC to the affiliated companies to avoid paying the judgment. Other courts enjoining judgment debtors from transferring funds have included an exception permitting transfers in the ordinary course of business. *See Mercyland*, 2021 WL 1406878, at *10 (citing *Laborers' Pension Tr. Fund – Detroit & Vicinity v. Telegraph Paving Co.*, No. 11-12501, 2012 WL

2018054, at *3 (E.D. Mich. June 5, 2012)).  But that exception is inappropriate here, as Buffa made fraudulent transfers under the guise of paying business expenses.  Thus, the Court recommends enjoining defendants from transferring or using any assets until the judgment is satisfied.

### 2.

Next, POAI requests appointment of a receiver over defendants' assets.  ECF No. 132, PageID.2142-2143.  For the reasons discussed above in recommending appointing a receiver over the affiliated companies, the Court recommends appointing a receiver over defendants' assets.  *See Arbor Farms, LLC v. GeoStar Corp.*, 305 Mich. App. 374, 391 (2014) (affirming appointment of receiver under § 600.6104 when the defendant failed to comply with court orders and began liquidating its assets).

### 3.

Last, POAI asks the Court to compel defendants' production of financial information for defendants and the affiliated companies.  ECF No. 132, PageID.2141-2142, 2144-2145.

Rule 69(a)(2) permits judgment creditors to obtain discovery in aid of the judgment or execution.  In March 2022, POAI served document

requests as part of a creditor's examination, to which defendants failed to respond. ECF No. 52, PageID.769; ECF No. 52-9, PageID.871-879 (requesting, e.g., documents showing the disposition of any of MCC's assets from 2015 to the present, or transactions with and amounts owed to insiders or affiliates). Thus, defendants waived any objection to those requests. *See Happy's Pizza Franchise, LLC v. Papa's Pizza, Inc.*, No. 10-CV-15174, 2012 WL 5503823, at *1 (E.D. Mich. Nov. 13, 2012) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." (cleaned up)). The Court recently ordered defendants to respond to those requests. ECF No. 72. Although defendants produced some documents, POAI maintains the production was incomplete and seeks documentation relating to transactions between defendants and the affiliated companies. ECF No. 132, PageID.2144-2145; ECF No. 132-14. The Court recommends that defendants be ordered to produce the information described in the final two pages of POAI's motion. *See* ECF No. 132, PageID.2144-2145.

POAI also seeks monetary sanctions against defendants and to hold Buffa in civil contempt for failing to comply with the Court's order to produce the discovery. ECF No. 132, PageID.2141-2142. Because defendants'

financial resources should be used to satisfy the judgment, the Court recommends declining to impose monetary sanctions. But Buffa is again warned that continued noncompliance with Court orders and obstruction of POAI's efforts to collect the judgment will lead to a finding of civil contempt and possible jail time.

### III. Conclusion

The Court thus **RECOMMENDS** that POAI's motion for injunctive relief and appointment of a receiver be **GRANTED** (ECF No. 132).

In sum, the Court recommends ordering the following relief: (1) voiding the fraudulent transfers to the affiliated companies and ordering the return of funds up to the amount of the judgment; (2) enjoining the affiliated companies from transferring funds until the judgment is satisfied; (3) appointing a receiver over the affiliated entities' assets; (4) enjoining defendants from transferring or using any funds until the judgment is satisfied; (5) appointing a receiver over defendants' assets; and (6) compelling defendants to produce the information described in the final two pages of POAI's motion.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 10, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2023.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager