UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTIC OMNIUM AUTO INERGY
INDUSTRIAL SA de DV,

        Plaintiff,

v.

MCC DEVELOPMENT, INC., and
ANTHONY BUFFA,

        Defendants.

_____/

Case No. 21-11141

Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER [144]**

Before the Court is Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV's Motion for Temporary Restraining Order. The Court did not require a response to Plaintiff's motion and no response has been received as of this time.[1] The Court, being familiar with the facts and circumstances of this case, finds that a hearing is not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiff's motion is GRANTED.

**I.**    **Factual Background**

In March 2022, this Court entered judgment against Defendant MCC Development, Inc. ("MCC") in the amount of $103,950 and awarded Plaintiff a total of $10,482 in attorney's fees. (ECF Nos. 32, 34, 35, 74.) Since that time, Plaintiff's attempts to collect

---

[1] The present motion concerns the same issue that is the subject of Plaintiff's pending motion for injunction and appointment of receiver. (ECF No. 132.) Defendant filed a response to that motion which the Court now references along with Plaintiff's pending motions and the Court's previous orders. (ECF No. 138.)

1

the judgment and fees awarded have been largely unsuccessful.[2] In early 2023, after Defendants failed to make payments as agreed, Plaintiff conducted a creditor's examination which revealed that Defendant Buffa transferred MCC's assets to other shell corporations he owns to avoid POAI's efforts to collect the judgment. (ECF No. 132.) Defendant Buffa admitted as much—in a May 18, 2023 deposition he testified that he "took steps to protect the company's resources" and "to avoid [the present] litigation [from] putting the company out of business." (ECF No. 132-15, PageID.2410.)

Plaintiff also discovered that MCC entered into a contract with the Donaldson Company, Inc. ("Donaldson") on January 20, 2023 (the "Contract"). Pursuant to the Contract, Donaldson owed MCC funds amounting to $398,000 after the completion of certain work. Once that work was completed and some funds were received, however, evidence shows that Buffa diverted receipts of $199,000 and $10,000 from the account of MCC to the accounts of shell entities he owns. (ECF No. 132-15, PageID.2416; ECF No. 132-17, PageID.2454-55; ECF No. 141-4, PageID.2615.) Buffa then amended the Contract to divert $99,810 of the funds still owing to a third party, Teal LLC, doing business as Ideal Environmental Products, also known as Chem-Stor, ("Ideal"), (the "Amended Contract"). Plaintiff states that certain of the funds have already been diverted and that Donaldson refuses to release funds absent an order from the Court. (ECF No. 144, PageID.2627-28.) In an exhibit attached to Donaldson's garnishee disclosure, a

---

[2] As recognized by the Magistrate Judge, Plaintiff has garnished $13,899.00 from MCC. (ECF No. 48.) Although a stipulated order states that Plaintiff received another $6,110.36, that check bounced. (*See* ECF No. 48; ECF No. 71-3). The parties also dispute whether defendants paid $6,110.36 in February 2023. (*See* ECF No. 70, PageID.1043; ECF No. 71.) During a March 2023 motion hearing, defense counsel produced documentation showing a payment in that amount from Endeavor, another company Buffa owns, but counsel stated he needed to verify whether Plaintiff received those funds. In any case, Defendants still owe at least $83,940 on the Judgment and $10,482 in attorney's fees (totaling $94,422). (*See* ECF No.147, PageId.2666 n.1.)

2

representative of Donaldson states that it continues to incur direct costs necessary to ensure the work by MCC is completed as contracted. Therefore, he states, the remaining amounts owed to MCC are unclear and in dispute. (ECF No. 145, PageID.2662.)

In response to the actions and admissions by Buffa, Plaintiff filed a motion for a permanent injunction and appointment of a receiver. (ECF No. 132.) Though the motion remains pending, the Magistrate Judge recently issued a report and recommendation in which she recommends that Plaintiff's motion be granted. (ECF No. 147.) The Court, being thoroughly familiar with this litigation and having reviewed the report and recommendation, motion pleadings, and relevant evidence, anticipates accepting and adopting the Magistrate Judge's Report and Recommendation when the time comes to do so. In the meantime, however, Plaintiff seeks an Order from this Court requiring that Ideal immediately submit any funds it received under the Amended Contract and that such funds be deposited into an account with the Clerk of the Court pending further order.[3] Plaintiff also requests that this Court direct Donaldson to pay to Plaintiff under the garnishment any sums owing to MCC.

## II.     Legal Standard

Federal Rule of Civil Procedure 65(b) grants the Court the authority to issue a temporary restraining order "to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). The Court considers the following when determining whether the issuance of a temporary restraining order is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury

---

[3] Alternatively, counsel for Plaintiff agrees to receive and deposit such funds in a trust account pending further order of this Court. (ECF No. 144, PageID.2628 n.2.)

absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet v. Lexington Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

### III. Analysis

Because of the involvement of the Magistrate Judge and the limited authority granted to her under 28 U.S.C. §636(b)(1), this is a unique case in which the party suffering harm has moved for a temporary restraining order after being heard on a motion for permanent injunction. The Magistrate Judge recommends granting Plaintiff the relief it seeks, but per 28 U.S.C. § 636(b)(1)(C), the parties must be afforded fourteen days in which to file written objections. Thus, more than one week remains before this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Plaintiff has shown there is a likelihood it will suffer harm in this time period necessitating the issuance of a temporary restraining order.

The injunctive factors, on balance, strongly support the issuance of the temporary restraining order Plaintiff requests. First, Plaintiff has shown a strong likelihood of success on the merits. Given the behavior of Defendant since entry of Judgment and the difficulties Plaintiff has experienced thus far in its collection efforts, it is highly likely Court intervention is needed. Moreover, the Magistrate Judge's analysis on the merits of Plaintiff's motion for injunction is both sound and persuasive. (ECF No. 147.) Based on that analysis, this Court agrees with the Magistrate Judge that the Michigan Uniform Fraudulent Transfer Act prohibits Buffa's actions and authorizes the Court to (1) enjoin Buffa from making additional

4

fraudulent transfers; and (2) void the previous transfers between Defendants and Buffa's other companies or third parties. The Court also agrees with the Magistrate Judge's analysis and conclusions regarding the authority granted and relief available to Plaintiff under Federal Rule of Civil Procedure 69 and Michigan Compiled Laws §§ 600.6104 and 600.6116. (*See id.*, PageID.2672-77.) Thus, absent a persuasive objection showing error by the Magistrate Judge, it is likely the Court will grant Plaintiff's motion for permanent injunction and appointment of receiver. Plaintiff has therefore satisfied the requirement of showing a strong likelihood of success on the merits.

Plaintiff has also shown that it is likely to suffer irreparable injury absent an injunction. Despite repeated warnings, Buffa has continued to fraudulently transfer thousands of dollars from MCC's accounts in an admitted attempt to thwart Plaintiff's collection efforts. And, as the Magistrate Judge noted, Buffa seems to show no remorse or concern even when threatened with civil contempt or jail time. (ECF No. 147, PageID.2672.) Absent an immediate injunction, this Court finds it likely that Buffa will continue his actions which could make it even more difficult for Plaintiff to find and follow the money it is owed. Thus, the second factor weighs in favor of granting a temporary restraining order.

The third and fourth factors also weigh in favor of granting Plaintiff's present motion. Though Defendant argues he would be harmed if an injunction issues, the temporary nature of a restraining order limits the potential harm that would befall Defendant even if the injunction turns out to be unwarranted. Harms to others, including Donaldson, can also be mitigated by clear language requiring only the remittance of funds that are undisputedly owed to MCC. There is also a strong public interest in favor of the orderly administration of justice and the enforcement of money judgments. Here, judgment was entered against

MCC well over one year ago, yet Plaintiff still struggles to collect the money it is owed. Enjoining Buffa from moving money to avoid paying his debt to Plaintiff solves this problem and shows that any individual is not above the law.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for a temporary restraining order.

**IT IS THEREFORE ORDERED** that Teal LLC, doing business as Ideal Environmental Products, also known as Chem-Stor, immediately submit any funds it received under Amended Contract to Plaintiff's attorney, to be deposited in a trust account pending further order of this Court;

**IT IS FURTHER ORDERED** that the Donaldson Company, Inc. remit to Plaintiff's attorney in trust any sums due and owing to MCC, under the terms of its contract with MCC, minus any sums incurred as direct costs. Any amount given to Plaintiff's attorney pursuant to this Order shall be deemed paid to MCC;

**IT IS FURTHER ORDERED** that Plaintiff's attorney serve upon Teal LLC and the Donaldson Company, Inc. a copy of this opinion and order at his earliest convenience.

This Order remains in effect for 14 days from its date and time of entry, or until further order of this Court, whichever comes first.

**SO ORDERED**.

                                                      s/ Nancy G. Edmunds
                                                     Nancy G. Edmunds
                                                     United States District Judge

Dated: August 15, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2023, by electronic and/or ordinary mail.

                    <u>s/ Lisa Bartlett</u>
                    Case Manager