UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTIC OMNIUM AUTO INERGY
INDUSTRIAL SA de DV,

        Plaintiff,

v.

MCC DEVELOPMENT, INC., and
ANTHONY BUFFA,

        Defendants.

And

Teal, LLC,

        Intervenor.

_____/

Case No. 21-11141

Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [154]**

      Before the Court is Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV's Motion for Preliminary Injunction. (ECF No. 154.) Defendants MCC Development, Inc. and Anthony Buffa did not respond to the motion and the time for doing so has expired. Teal, LLC intervened in this case with the Court's permission and filed a response in opposition to Plaintiff's motion as it relates to Teal, LLC. (ECF No. 167.) The Court held a hearing on October 3, 2023 at which Plaintiff and Teal, LLC appeared, but Defendants did not. For the reasons that follow, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

      What began as a simple contractual dispute between Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV and Defendant MCC Development, Inc. ("MCC") has turned

1

into a contentious and convoluted collection action. The present motion is Plaintiff's latest attempt to collect the $103,950 judgment and attorney fees awarded in March 2022. For purposes of brevity, the Court adopts here by reference the factual and procedural backgrounds presented in numerous other opinions and orders. (ECF Nos. 31, 32, 34, 48, 147, 148, 156, 166.)

On August 15, 2023, the Court granted Plaintiff's motion for a temporary restraining order and ordered third party, now Intervenor, Teal, LLC ("Teal") to submit to Plaintiff's attorney to be deposited in a trust account any funds it received under the amended contract between it and the Donaldson Company, Inc. ("Donaldson"). (ECF No. 148.) It further ordered Donaldson to remit to Plaintiff's attorney in trust any sums due and owing to MCC, under the terms of its contract with MCC, minus any sums incurred as direct costs. (*Id.*) Plaintiff thereafter filed the present motion requesting permanent relief consistent with that awarded with the temporary restraining order. (ECF No. 154.)

In support of its motion, Plaintiff alleges:

> [MCC] entered into a contract with [Donaldson] on January 20, 2023 . . . [A]fter learning of [Plaintiff's Motion for Injunctive Relief and for Appointment of a Receiver], Buffa amended the contract between MCC and Donaldson on May 31, 2023 . . . to divert $99,810 of the funds owing under the original contract to a third-party, [Teal]. Plaintiff is advised that certain of the funds have already been diverted. This is but one more act by Buffa to avoid garnishment and to obstruct collection efforts by Plaintiff to obtain the return of a deposit it wrongfully converted by Defendants in 2019.
>
> Plaintiff also issued a garnishment to Donaldson. The garnishee responded and indicated that it is indebted to MCC for $89,190 but may have setoffs . . . .However, Donaldson also responded that it will not release the funds to Plaintiff absent an order of this Court.
> (ECF No. 154, PageID.2708.)

(ECF No. 154.)

Teal responded to Plaintiff's motion arguing that Plaintiff's accusations were unfounded and that it is an innocent third party that, unfortunately in hindsight, did business with MCC. (*See generally*, ECF No. 167.) It states that it entered into a contract with MCC to produce a building that could house hazardous materials. At the time that contract was entered into, Teal did not know Donaldson and was unaware of the specifics of any contract between MCC and Donaldson—its client was MCC. When MCC breached its payment obligations to Teal, Teal refused to manufacture the building thereby preventing MCC from fulfilling its obligations under its contract with Donaldson. Thus, at the request of MCC and Donaldson, Teal agreed to release MCC from its payment obligations and sell the building directly to Donaldson pursuant to an amended contract.

Plaintiff calls into question Teal's claimed good faith with the amended contract. Particularly, Plaintiff asserts that the timing of the amended contract is suspicious (days after Buffa underwent a creditor's examination and Plaintiff's counsel informed him he planned to file a motion for injunctive relief and the appointment of a receiver) as is the fact that payments to Teal were not issued by MCC but instead were sent from Endeavor Capital Management Holdings, Inc., another Buffa owned entity. Additionally, Plaintiff cites evidence indicating that Teal was aware of MCC's financial problems before it agreed to do business with MCC.

Although the Court agrees with Plaintiff that certain pieces of evidence raise a question as to Teal's knowledge of Buffa's alleged fraudulent activity, it does not appear that a preliminary injunction against Teal is appropriate at this time. A preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of providing that the circumstances clearly demand it." *Overstreet v.*

*Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). There are four factors that are relevant to the determination of whether a preliminary injunction or temporary restraining order should be granted. These factors include: (1) whether the movant has a strong likelihood of success on the merits; (2) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (3) the likelihood of harm to others if the requested relief is granted; and (4) the public interest. *Michigan Bell Telephone Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff bears the burden of proof which is "much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

Here, Plaintiff's likelihood of succeeding on the merits is questionable. Plaintiff has indicated that more discovery is necessary and that a potential lawsuit against Teal based upon the Uniform Voidable Transactions Act may be forthcoming. On this record, however, Plaintiff falls short of meeting its burden. Additionally, the likelihood of harm to Plaintiff is minimal if the injunction does not issue—Teal has demonstrated that it has the resources to pay Plaintiff if it becomes necessary. Conversely, Teal, as a small business, would suffer harm if the injunction issued and it is essentially forced to give away a $100,000 building to Donaldson for free. Accordingly, the factors on balance support denying Plaintiff's motion.

Plaintiff's Motion for Preliminary Injunction (ECF No. 154) is therefore GRANTED IN PART AND DENIED IN PART. The motion is DENIED as it relates to Teal, LLC. The motion is GRANTED in that the Donaldson Company, Inc. is HEREBY ORDERED to pay

4

to Plaintiff Plastic Omnium Auto Inergy Industrial SA de CV any monies due and owing to MCC, under the terms of any contract with MCC, until the Judgment and award of attorney fees in this case is satisfied. Payments to Plaintiff shall constitute payments made to MCC, and may include setoffs for expenses or withholding for purposes allowed under the terms of the contract between Donaldson Company, Inc. and MCC. Plaintiff should refund to Teal any funds held in trust pending resolution of the present motion.

**SO ORDERED**.

                                               s/ Nancy G. Edmunds
                                               Nancy G. Edmunds
                                               United States District Judge

Dated: October 3, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2023, by electronic and/or ordinary mail.

                                               s/ Lisa Bartlett
                                               Case Manager